# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR419-069 |
| | ) | |
| JUAN MARTINEZ, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Before the Court are defendant's Motion to Suppress, doc. 175, and Motion to Dismiss, doc. 178. For the following reasons, defendant's Motion to Dismiss, doc. 178, should be **DENIED** and defendant's Motion to Suppress, doc. 175, should be **GRANTED IN PART and DENIED IN PART**.

## BACKGROUND

Defendant has been indicted on one count of conspiracy in violation of 18 U.S.C. § 1832. Doc. 132. However, this case begins before the indictment. After Martinez was informed that he was a target in a federal criminal investigation, he made a proffer to law enforcement on January 22, 2019. Doc. 175-1. The purpose of this meeting was to provide information that would help Mr. Martinez receive a favorable plea agreement to resolve the matter before being indicted. *Id.* As part of this proffer, he signed a proffer letter which stated that the Government would not use the contents of the proffer in its "case-in-chief

in any prosecution or civil proceeding against Mr. Martinez." *Id.* at 1. The letter also stated, however, that the government could make "derivative use" of the statements or in the event Mr. Martinez attempted to rebut its contents. *Id.* It also stated that a *Kastigar* hearing would not be necessary. *Id.* Mr. Martinez also authorized agents to search multiple electronic storage devices. Doc. 175-2. Despite the terms of the proffer letter, the Government used these statements during the grand jury proceeding against Mr. Martinez. Doc. 180.

Defendant requests that the Government be prohibited from using the contents of the proffer in its case-in-chief at trial. He had also requested that this evidence also be suppressed under Federal Rule of Criminal Procedure 11 and Federal Rule of Evidence 410. However, at the hearing, defendant's counsel indicated that he was withdrawing those portions of his motions, as a result, the Court does not address the applicability of those rules to either of defendant's motions. The Government, for its part, indicated that it had no intention of using any of defendant's proffer statements against him in its case-in-chief at trial. However, defendant also seeks either suppression of the statements made in the proffer *in toto* or dismissal of the indictment for violation of the proffer agreement.

Because the briefs put forth essentially the same argument, the Court addresses each together. Regardless of the vehicle by which defendant travels,

he is entitled neither to suppression of his statements *in toto* or to the dismissal of the indictment against him.  However, defendant is right, at least in part; to the extent his motions seek a formal order that the Government should not violate the terms of the proffer letter and use defendant's statements in its case-in-chief *at trial*, it is **GRANTED**.

## ANALYSIS

Defendant's argues that the Government should not have used his statements made during the proffer because doing so violated the proffer's restriction on its use in the Government's case-in-chief.[1]  The Government, however, points to the Eleventh Circuit's opinion in *United States v. Schwartz*, 541 F.3d 1331 (11th Cir. 2008).  In that case, the court held that where the Government has the authority to make "derivative use" of testimony contained in a proffer and where a defendant had simultaneously waived his right to a *Kastigar*[2] hearing, that there was no error in presenting proffered testimony to the grand jury.  As the Eleventh Circuit noted, a " 'Kastigar hearing' is a hearing

---

[1] There is some question in this case as to what constitutes the Government's "case-in-chief." The parties were unable, either in briefing or during the hearing, to present a definitive understanding of what that term means.  However, the Court does note that the most applicable case, *Schwartz*, involved language that prevented the use of statements during "the United States' case in chief should [Meyer] proceed to trial."  Because the Eleventh Circuit in *Schwartz* treated the case-in-chief as distinct from any presentation to the grand jury, this Court will similarly treat the two as distinct.

[2] *Kastigar v. United States*, 406 U.S. 441 (1972).

to determine if the Government has introduced testimony before the grand jury, or plans to introduce testimony at trial, that violates the defendant's immunity and Fifth Amendment privilege against self-incrimination." *Schwartz*, 541 F.3d at 1356 (*citing United States v. Harvey*, 869 F.2d 1439, 1441 (11th Cir. 1989). The Court went on to note that by waiving his *Kastigar* hearing rights, a defendant had "waived his right to challenge the Government's use of his statements before the grand jury. We cannot conclude that he left himself vulnerable to what he characterizes as a Fifth Amendment violation but voluntarily waived his right to learn about and seek a remedy for that violation." *Id.* at 1357.

As in *Schwartz*, defendant's immunity agreement does not specifically address whether the Government may use defendant's statements before a grand jury.  It does however, specifically state "that the government is free to make full derivative use of his proffer in in developing evidence against Mr. Martinez or other person, corporation, or organization, and that therefore no *Kastigar* hearing shall ever be necessary."  Doc. 175-1 at 2.

Defendant argues that *Schwartz* is inapplicable because he already knows about the use of his statements in a grand jury proceeding and is therefore not seeking a *Kastigar* hearing " 'to learn about' the Government's violation of the immunity agreement in this case".  Doc. 178 at 6.  However, defendant's

4

interpretation of the circumstances is incorrect. As the Eleventh Circuit noted, *Kastigar* offers not merely the opportunity to learn about the use of the coerced statements at a grand jury proceeding, but is also the sole remedy for such use. *See, e.g., Harvey*, 869 F.2d at 1441 (noting that *Kastigar* was a "pretrial hearing to require the government to prove that the evidence it proposed to use . . . was derived from a legitimate source independent of the immunized testimony."). There is no question in this case that defendant is seeking a remedy for the use of his allegedly immunized testimony during a grand jury. *See, e.g.,* doc. 178 at 4 ("The proper remedy when the Government uses a defendant's immunized testimony against them is to dismiss the indictment) (*citing United States v. Holloway*, 74 F.3d 249, 253 (11th Cir. 1996)).

Moreover, the cases that defendant cites to are inapposite to the case at bar. *United States v. Hampton*, 775 F.2d 1479 (11th Cir. 1985), involved automatic transactional immunity from state prosecution pursuant to state statute and the subsequent use of that testimony in a federal prosecution. Additionally, it involved a *Kastigar* hearing, which defendant explicitly indicated he was not seeking in this case because of the terms of the proffer agreement. Likewise, in *United States v. Gregory*, 730 F.2d 692 (11th Cir. 1984) involved testimony given in a bankruptcy and subject to immunity under 18 U.S.C. § 6002. That statute offered protection against the witness in "any

5

criminal case," *id.*, and the court determined that this applied both to the grand jury proceedings as well as to trial. Here, the limitation is only to the case-in-chief, rather than a blanket prohibition on use in any criminal case. These cases are, therefore, insufficient to support defendant's position.

Defendant also argues that *Schwartz* is distinguishable because defendant's proffer letter does not "explicitly waive Mr. Martinez's right to challenge the Government's use of his immunized statements." Doc. 178 at 6. Likewise, he argues that "[t]here wouldn't be any reason for an immunity agreement if it had." *Id.* Defendant cites no case law in support of the argument that the language used in his proffer, i.e., "that therefore no *Kastigar* hearing shall ever be necessary," is in some way different from the waiver language used in the *Schwartz.* Like the proffer in *Schwartz*, defendant explicitly acknowledges that there is no circumstance in which a *Kastigar* hearing would be appropriate. Despite the absence of the term "waive", the implication is that defendant waived his right to seek such a hearing, and by association—the remedy for that error.

Thus, like the Eleventh Circuit in *Schwartz*, the Court determines that defendant's proffer agreement when read "holistically," allows the Government to use the contents of the proffer during a presentation to a grand jury. Having expressly waived his right to the only available procedure to challenge the

Government's use of his statements before the grand jury, the only possible inference is that defendant waived his Fifth Amendment privilege against the use of his statements before a grand jury.  Accordingly, defendant's Motion to Dismiss the indictment, doc. 178, should be **DENIED**.  Likewise, defendant's Motion to Suppress, doc. 175, should be **DENIED** to the extent it seeks to suppress the use of defendant's statements *in toto* or during the grand jury proceedings.  However, defendant's Motion to Suppress, is **GRANTED** to the extent it seeks to prevent the Government from using the contents of the proffer in its case-in-chief at trial.

## CONCLUSION

For the following reasons, defendant's Motion to Dismiss, doc. 178, should be **DENIED** and defendant's Motion to Suppress, doc. 175, should be **GRANTED IN PART and DENIED IN PART**.  This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 23rd day of March, 2020.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA