# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | CR419-069 |
| | ) | |
| JUAN MARTINEZ, | ) | |
| | ) | |
| Defendant. | ) | |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Defendant Juan Martinez has been indicted on one count of conspiracy in violation of 18 U.S.C. § 1832. Doc. 132. Defendant moved to suppress statements he made to the Government and to dismiss the indictment. Docs. 175 & 178. On March 10, 2020, the Court held a hearing on defendant's motions. Doc. 209 (Minute Entry). The undersigned then entered a Report and Recommendation to the District Judge recommending that the motion to dismiss be denied and the motion to suppress be granted in part and denied in part. Doc. 215 at 7. Both defendant and the Government filed objections to that Report and Recommendation. Doc. 217 (Martinez's Objection); doc. 219 (Government's Amended Objection). To the extent that the Report and Recommendation's disposition of several arguments raised in the motion

to suppress was ambiguous, the undersigned supplements his Report and Recommendation.

Defendant principally objects to the undersigned's analysis of the implications of his waiver of any *Kastigar* hearing in his immunity agreement with the Government. *See* doc. 217 at 1–5. He also objects that, "[b]ased on our arguments above [regarding the construction of his agreement], Mr. Martinez's statements were not voluntary and were obtained in violation of his Fifth Amendment right against self-incrimination." *Id.* at 6. The Government responds that this objection "comes as quite a surprise, given defense counsel's averment to the Court" that those arguments were waived. Doc. 219 at 6.

The Report and Recommendation only substantially addresses the construction of the proffer agreement in resolving both the motions to suppress and dismiss. *See generally* doc. 215. The Court noted that the arguments raised in defendant's suppression motion, doc. 175, that the evidence be suppressed under Federal Rule of Criminal Procedure 11 and Federal Rule of Evidence 410, had been withdrawn at the hearing, *see id.* at 2. The Report and Recommendation *did not* include any statement about the status of the voluntariness argument raised in that motion. In

order to clarify that omission, the undersigned adds this Supplemental Report and Recommendation.

The original Report and Recommendation did not address defendant's argument that his statements were involuntarily made because defense counsel expressly withdrew that argument at the hearing. Defense counsel informed the Court during his opening statement on the suppression motion:

> We also raised an issue as to whether the statements should be separately protected because they were not made—because Rule 11 of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence protect those statements because they were made in connection with plea negotiations.  Having looked at the proffer letter Your Honor, and having spoken with Mr. Martinez, and reviewed some of the other information, I believe that we're going to waive those arguments.  I don't think that we can present evidence to contradict the waivers that are set forth in the proffer letter.  So, we are not taking the position today that either Rule 11 or 410 keeps those statements out of evidence. We're relying exclusively on the proffer letter.  The third argument was that the statements were not voluntary.  Again, having reviewed more carefully the proffer letter we're going to waive that particular argument.  So, the motion to suppress boils down to—they're [*i.e.,* the statements are] protected under the immunity proffer letter and should not be used in the Government's case-in-chief.

Based on defense counsel's express withdrawal of the contentions that defendant's statements could be suppressed either under the rules or as involuntary, the Court proceeded to analyze the effect of the proffer

letter. As discussed above, the Report and Recommendation expressly noted the withdrawal of the rules-based argument but neglected to note the withdrawal of the voluntariness argument.

Although the Report and Recommendation relied upon defense counsel's express withdrawal in omitting any consideration of the rule-based or voluntariness arguments, the undersigned is not empowered to find that he definitively waived them. Whether counsel's withdrawal was effective, and the arguments should be considered rests within the discretion of the District Judge. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) (holding "that a district court has discretion to decline a party's argument when that argument was not first presented to the magistrate judge."). To the extent that the Report and Recommendation was ambiguous concerning the disposition of the voluntariness argument: The Court accepted counsel's withdrawal of the voluntariness argument and it was not considered in the Report and Recommendation.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file

written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

In order to facilitate the district judge's review of the original R&R and this supplement, the parties are **DIRECTED** to file a notice as soon as possible if they do not intend to amend their objections to the original R&R or object to this supplement. Upon receipt of such a notice from both parties, or upon the conclusion of the objections period for

this Supplemental R&R, the district judge will review both simultaneously.

**SO REPORTED AND RECOMMENDED,** this 7th day of May, 2020.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA