```
IN THE UNITED STATES DISTRICT COURT FOR
   THE SOUTHERN DISTRICT OF GEORGIA
              SAVANNAH DIVISION
```

UNITED STATES OF AMERICA   )
                           )
v.                         )   CASE NO. CR419-069
                           )
JUAN MARTINEZ,             )
                           )
    Defendant.             )
_____)

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 215), to which objections have been filed by Defendant (Doc. 217) and by the Government (Doc. 218; Doc. 219), and the Magistrate Judge's Supplemental Report and Recommendation (Doc. 221). Magistrate Judge Ray recommends denying Defendant's Motion to Dismiss (Doc. 178) and granting in part and denying in part Defendant's Motion to Suppress (Doc. 175). After a careful de novo review of the record, the Court **OVERRULES** Defendant's objections (Doc. 217) and **SUSTAINS IN PART** and **OVERRULES IN PART** the Government's objections (Docs. 218, 219).

The Court will first address Defendant's objections. In his first objection, Defendant takes issue with the Magistrate Judge's finding that Defendant waived his Fifth Amendment privilege against the use of his immunized statements before a grand jury. (Doc. 217 at 1.) Defendant contends that dismissal

of the indictment is possible absent a Kastigar hearing. The Court finds that United States v. Schwartz, 541 F.3d 1331, 1357 (11th Cir. 2008), speaks to this point. The Eleventh Circuit stated in Schwartz that because a defendant is not present at his own grand jury hearing to object to the Government's testimony, "the only way for a criminal defendant to challenge an indictment on the ground that the Government obtained it in violation of his Fifth Amendment privilege against self-incrimination is via a Kastigar hearing." Thus, while dismissing the indictment is the remedy for such a violation, the Magistrate Judge is correct that the violation is uncovered and challenged through a Kastigar hearing.

Additionally, the Court is not persuaded that any differences between the language in the proffer here and the agreement in Schwartz makes any material difference. Defendant argues that the proffer agreement at issue here fails to use the words "grand jury" and "waiver" and that the language in the proffer agreement proscribes the definition of "derivative use" more narrowly than the derivative use permitted in the proffer agreement in Schwartz. (Doc. 217 at 3-4.) However, the agreement in Schwartz did not use the word "grand jury" either. Moreover, the proffer agreement provides that Defendant "understands and agrees that the government is free to make full derivative use of his proffer in developing evidence against [him] . . . and

that therefore no Kastigar hearing shall ever be necessary." As discussed above, the intent and design of a Kastigar hearing is to determine "if the Government has introduced testimony before the grand jury, or plans to introduce testimony at trial, that violates the defendant's immunity and Fifth Amendment privilege against self-incrimination." Schwartz, 541 F.3d at 1356. By agreeing that the Government may make derivative use of his statements to develop evidence against him and that a Kastigar hearing would not be necessary, Defendant agreed that the Government would not need to prove that the evidence used against him came from independent sources rather than Defendant's proffer. Thus, Defendant's first objection is **OVERRULED**.

In his second objection, Defendant objects to the Magistrate Judge's recommendation that Defendant's Motion to Suppress should be denied to the extent that it seeks to suppress the use of Defendant's statements in toto or during the grand jury proceedings. (Doc. 217 at 5-6.) Specifically, Defendant argues that his statements were not voluntary because they were secured by the Government in the context of negotiating a plea. (Id.) The Government argues that this second objection of Defendant's has been waived. (Doc. 218 at 6.) In the Supplemental Report and Recommendation, the Magistrate Judge clarifies that Defendant's voluntariness argument was explicitly

3

withdrawn at the hearing on Defendant's motion to suppress. (Doc. 221 at 3.) In response to the Supplemental Report and Recommendation, Defendant agrees that the arguments regarding the use of his proffer statements under Federal Rule of Civil Procedure 11 and Federal Rule of Evidence 410 and the Fifth Amendment voluntariness arguments have been expressly waived. (Doc. 222 at 1-2.) Accordingly, the Court finds that these arguments have been waived and Defendant's second objection has been withdrawn.

Next, both the Government and Defendant take issue with the Magistrate Judge's treatment of the definition of "case in chief." The Government objects to the Magistrate Judge's finding that the parties did not present a definitive understanding of what constitutes the Government's "case in chief." (Doc. 219 at 4.) The Government argues that it offered "multiple sources" for a definition of "case in chief" including Black's Law Dictionary and a case from the United States District Court for the District of New Mexico. (Id.) Defendant objects to the Magistrate Judge's "characterization of Schwartz as treating the 'case-in-chief as distinct from any presentation to the grand jury." (Doc. 217 at 4, n.1.) Accordingly, the Court finds all above objections to be without merit.

As to the Government's objection, the Magistrate Judge properly noted that both the Government and Defendant disagree

4

on the definition of "case-in-chief" and observed that neither party offered a binding interpretation or definition of such term. As to the Defendant's objection, the Court finds that Magistrate Judge did not err in noting that the Eleventh Circuit treated the case-in-chief as distinct from presentation to the grand jury in Schwartz. Moreover, even if such an interpretation was in error, it has no effect on the Magistrate Judge's recommendation. The Magistrate Judge did not base his recommendation on finding that "case-in-chief" excludes presentation to a grand jury and only concerns presentation of evidence at trial, but instead based his recommendation on a different provision of the immunity agreement, e.g. that Defendant waived his right to challenge the presentation of his statements to a grand jury via a Kastigar hearing, like the Eleventh Circuit did in Schwartz. 541 F.3d at 1357 (finding that the defendant waived his right to a Kastigar hearing, and, therefore, waived his right to challenge the Government's use of his statements before the grand jury). Accordingly, the Government's objections and Defendant's objections as to the Magistrate Judge's treatment of "case-in-chief" are **OVERRULED**.

Finally, the Government also objects to a finding of fact made by the Magistrate Judge. The Government contends that the Magistrate Judge's statement that the Government used Defendant's proffer statements during its grand jury

5

presentation was in error because the Government has not conceded that it did in fact use Defendant's proffered statements before the grand jury. (Doc. 219 at 4.) The Court finds this objection to be well-founded. The Magistrate Judge states that "[d]espite the terms of the proffer letter, the Government used these statements during the grand jury proceeding against Mr. Martinez" and cites to Document 180. (Doc. 215 at 2.) However, from this Court's review of Document 180, which is the Government's response to Defendant's motion to dismiss and motion to suppress, the Court does not see any admission by the Government that it used Defendant's statements before the grand jury. Accordingly, this portion of the Government's objections is **SUSTAINED**.

## CONCLUSION

For the reasons discussed above, the Court **OVERRULES** Defendant's objections (Doc. 217) and **SUSTAINS IN PART** and **OVERRULES IN PART** the Government's objections (Docs. 118, 119). The Court **SUSTAINS** the Government's objections as to the statement of fact concerning the Government's use of Defendant's statements during grand jury proceedings.

Accordingly, the report and recommendation is **ADOPTED**, as modified herein, as the Court's opinion in this case. As a result, Defendant's Amended Motion to Dismiss (Doc. 178) is **DENIED**. Defendant's Motion to Suppress (Doc. 175) is **DENIED IN**

**PART** and **GRANTED IN PART.** To the extent Defendant's motion to suppress seeks to suppress the use of Defendant's statements in toto or during the grand jury proceedings, it is **DENIED**. However, to the extent Defendant's motion to suppress seeks to prevent the Government from using the contents of the proffer in its case-in-chief at trial, Defendant's motion is **GRANTED**.

SO ORDERED this 27th day of May 2020.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA