# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CR419-069 |
| | ) |
| GILBERT BASALDUA, | ) |
| JOSEPH PASCUA, and | ) |
| JUAN MARTINEZ, | ) |
| | ) |
| Defendants. | ) |

# ORDER

Defendants in this trade secrets conspiracy prosecution, *see* doc. 132 (Superseding Indictment), *as amended* doc. 158, have jointly moved for clarification of the Court's order granting the Government reciprocal discovery. Doc. 242. The Government has responded, doc. 244, and defendants have replied, doc. 245. The motion is, therefore, ripe for disposition.

The Court granted the Government's motion for reciprocal discovery after the defendants declined to oppose it. *See* doc. 230 (Motion); *see also* S.D. Ga. L. Civ. R. 7.5 ("Failure to respond within the applicable time period shall indicate that there is no opposition to a motion."); S.D. Ga. L. Crim. R. 1.1 (incorporating the Local Civil Rules "as to matters of procedure and administration not addressed by these supplemental

rules."). The Order directed defendants to provide reciprocal discovery no later than July 22, 2020. Doc. 235. Defendant Basaldua's deadline was extended until August 5, 2020. Doc. 238. Defendant Pascua filed a response on July 22, 2020 that indicated he had no discovery to produce. Doc. 239.

Defendants (including defendant Pascua who has already complied with the Order) seek clarification of whether the July 22 deadline applies to their obligation to disclose any expert witnesses and whether their obligations under Rule 16 extend to identifying, and to what degree of specificity, items they intend to use in their case-in-chief. *See* doc. 242 at 3-4. The Government responds that the Order requires no clarification and requests "that defendants produce or otherwise make available what is due to the government under Rule 16(b), including those items listed in Rule 16(b)(1)(A), regardless of the source." Doc. 244 at 12. Defendants' reply indicates that "[a]t this point, all reciprocal discovery for all defendants has been provided to the Government," and recognizes their continuing obligation to disclose new evidence. Doc. 245 at 2-3.

The motivation for defendants' motion appears to be defense counsel's discomfort resulting from recent "communications with the

Government," calling into doubt defendants' interpretation of the Order. Doc. 242 at 2. Based on those communications, defendants appear concerned that the Government *might* object to a *hypothetical* (as of the date of this Order defendants' reply indicates that reciprocal discovery has been produced and no objection has been filed by the Government) discovery production as insufficient. Such discomfort is not the basis for Court action.[1] Rule 16 was drafted so that discovery could "be accomplished by the parties themselves, without the necessity of a court order unless there is a dispute as to whether the matter is discoverable or a request for a protective order under subdivision (d)(1)." Fed. R. Crim. P. 16 advisory committee's note 1974 Amendment. Subject to the

---

[1] The Court is skeptical that demands and position statements communicated between opposing counsel *could* provide appropriate fodder for motions practice. In our adversarial system, it is perfectly permissible for attorneys to make demands or take positions that they might not be comfortable asserting before the Court. The remedy for such tactics, if any remedy is required, is zealous advocacy from opposing counsel. If any defendant's counsel believes that the Government's interpretation of the governing rules or law is unfounded, he or she is free to ignore it and proceed based on his or her own interpretation. As the Eleventh Circuit has noted, "[p]ersons occupying positions of responsibility . . . often must make difficult decisions that can have adverse consequences for others. . . . . Needless to say, the decisionmakers would benefit greatly by having guidance as to the potential legal ramifications of their decisions. Furnishing such guidance prior to the making of the decision, however, is the role of counsel, not of the courts." *Hendrix v. Poonai*, 662 F.2d 719, 722 (11th Cir. 1981). Defense counsel can rest assured that any final determination of compliance, or not, with the obligations imposed by the Federal Rules will be made by the Court, and not by the United States Attorney's Office.

observations below, the Court declines the implicit invitation to circumvent discovery procedure.

The Court observes, first, that disclosure of expert witness reports *is* a clearly established element of a defendant's reciprocal obligations. *See* Fed. R. Crim. P. 16(b)(1)(C). The Court's Order states that reciprocal discovery—without any caveat for expert disclosures—was to be provided to the Government by July 22, 2020. *See* doc. 235 (the Order refers to defendants' reciprocal obligations under "Federal Rule of Criminal Procedure 16(b)(1)," without any distinction between the respective obligations imposed by subsections (A), (B), or (C)).[2] Defendant Pascua, apparently, understood that Order to apply to expert witnesses, as he responded that he had "not engaged the services of any expert witnesses." Doc. 239. Defendant Basaldua, apparently, also understood the Order to apply to expert disclosures as his request for an extension was specifically predicated upon his expert's unavailability attributable to the COVID-19

---

[2] The Court also notes that the Government's request for reciprocal discovery expressly tracks the three subsections of Rule 16(b)(1). *See* doc. 230 at 3. If any defendant was concerned about the possible implications of the Government's request for "a written summary of testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial," *id.*, they were entitled to respond to the motion. None did.

pandemic.  Doc. 236 at 1.  Nevertheless, the defendants' joint motion contends that they "did not interpret the Court's Order as setting an expert disclosure deadline since no such deadline was requested in the Government's Motion."  Doc. 242 at 2.  The Court strains to reconcile these positions.  Regardless, their apparent inconsistency in no way implicates the "clarity" of the Court's Order.

The parties' other dispute, as to whether "trial exhibits" must be specifically identified, is even less compelling.  Defendants contend that "[t]he Government would prefer not to call [its request for specific documents defendants intend to use in their case-in-chief] an 'exhibit list,' but that is exactly what it is, absent the exhibit numbers."  Doc. 245 at 1-2.  However, Rule 16 expressly requires that reciprocal discovery covers items "the [responding] defendant intends to use . . . *in [his] case-in-chief at trial*."  Fed. R. Crim. P. 16(b)(1)(A)(ii) (emphasis added).  The exact *manner* of that provision, *i.e.*, whether it requires an "index"[3] or an "'exhibit list' . . . absent the exhibit numbers," is not a question for the

---

[3] The Court recognizes that the Government disputes that reference to an "index" was anything more than an attempt to avoid any need for defendants to "reproduce" Government discovery that they intend to rely on.  Doc. 244 at 7 n. 4.

5

Court in the first instance.[4]  If any defendant contends that a protective order is warranted, he is free to move for one.  *See* Fed. R. Crim. P. 16(d)(1).  If the Government contends that the reciprocal discovery provided by any defendant is inadequate under the Rule, it too is free to seek an appropriate sanction.  *See* Fed. R. Crim. P. 16(d)(2).  There is simply no provision of the Federal Rules that permits a party to seek a prospective (one might say "advisory") opinion on the sufficiency of the *format* of their discovery production.  There is certainly no sense in which such an opinion constitutes a "clarification" of the Court's order setting a deadline for reciprocal discovery production.

The Court's Order setting a deadline for defendants to comply with their reciprocal discovery obligations was, and is, perfectly clear:

---

[4] As to the question of specificity in discovery disclosures, the Court notes that it "has no license to rewrite the Federal Rules of Criminal Procedure.  While it might be wise for the Advisory Committee on Criminal Rules to consider an amendment that would require a party to *identify* those documents it intends to use in its case-in-chief, no such requirement now exists in the plain language of the Rule." *United States v. Nachmie*, 91 F. Supp. 2d 565, 570 (S.D.N.Y. 2000).  On the other hand, "[t]he defendant's reciprocal discovery obligation should be read to 'parallel' the government's initial obligation under Rule 16(a)(1)(E).  [Cit.]  [Thus,] the government does not trigger defendant's reciprocal obligation to disclose its 'case-in-chief' materials under Rule 16 simply by providing some amount of relevant discovery to defendants and then 'stating that the documents upon which the government intends to rely are found somewhere therein.'" *United States v. Crowder*, 325 F. Supp. 3d 131, 135 (D.D.C. 2018) (alterations and citations omitted).  Based on the parties' submissions, it is simply not clear how a dispute about the quality of any defendant's production might resolve.

defendants, with the exception of defendant Basaldua, were to have "provide[d] reciprocal discovery [pursuant to Federal Rule of Criminal Procedure 16(b)(1)], if any, to the Government no later than July 22, 2020." Doc. 235.  The Court does not generally explain—particularly to attorneys with "over eighty years of combined experience," doc. 242 at 6— the details of obligations imposed by the Rules of Criminal Procedure when ordering compliance with them.  If the parties dispute whether the provisions of Rule 16 have been satisfied, they remain free to file appropriate motions under Rule 16(d).  In the absence of such a motion, the request for clarification is **DENIED**.  Doc. 242.

    **SO ORDERED,** this <u>6th</u> day of August, 2020.

*/s/ Christopher L. Ray*
Christopher L. Ray
United States Magistrate Judge
Southern District of Georgia